IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
CLARKSBURG

**RONALD SATISH EMRIT,**

      **Plaintiff,**

v.                                                  Civil Action No. 1:22-CV-18
                                                        (JUDGE KEELEY)

**BOARD OF IMMIGRATION APPEALS (BIA);**
**CITIZEN AND IMMIGRATION SERVICES (CIS);**
**CUSTOMS AND BORDER PATROL (CBP);**
**STATE DEPARTMENT; and,**
**DEPARTMENT OF HOMELAND SECURITY (DHS),**

      **Defendants.**

## REPORT AND RECOMMENDATION AFTER INITIAL SCREENING RECOMMENDING PLAINTIFF'S COMPLAINT [ECF NO. 1] BE DISMISSED AND RECOMMENDING THAT PLAINTIFF'S MOTION TO PROCEED *IN FORMA PAUPERIS* [ECF NO. 2] BE DENIED AS MOOT

On March 3, 2022, *pro se* Plaintiff Ronald Satish Emrit ("Plaintiff") filed a Complaint against several federal agencies, namely, Board of Immigration Appeals (BIA), Citizenship and Immigration Services (CIS), Customs and Border Patrol (CBP), State Department, and Department of Homeland Security (DHS). [ECF No. 1 at 1, 3-4]. Having screened Plaintiff's Complaint in accordance with the provisions of 28 U.S.C. § 1915(e)(2), the undersigned now **RECOMMENDS** that the Complaint [ECF No. 1] be **DISMISSED WITHOUT PREJUDICE** for failure to state a claim on which relief may be granted. Further, the undersigned **RECOMMENDS** that Plaintiff's corresponding Motion for Leave to Proceed *in forma pauperis* [ECF No. 2] be **DENIED as moot**.

### I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff filed his Complaint against the above-noted Defendants alleging that venue is proper in this Court and that the Court jurisdiction over the claims lodged. Plaintiff states that

venue is proper in the Court pursuant to 28 U.S.C. § 1391 (general venue statute) and 28 U.S.C. § 1400 (venue for patents and copyrights). Further, Plaintiff states that jurisdiction lies in this Court pursuant to 28 U.S.C. § 1332 because there is diversity of citizenship of the parties and that the amount in controversy exceeds the jurisdictional minimum. Also, as to jurisdiction, Plaintiff states that he is lodging claims which raise federal questions pursuant to various federal constitutional and statutory provisions (e.g. Civil Rights Act of 1964, Due Process Clause, Privileges and Immunities Clause). As to the latter, Plaintiff does not cite to, but presumably relies upon, 28 U.S.C. § 1331, which codifies federal question jurisdiction.

Plaintiff's factual allegations are not entirely clear, but appear to stem from his concern about aiding his fiancé in fleeing the military conflict presently occurring in Ukraine. Plaintiff states that his fiancé is "Mary from Kharkov City, Ukraine" and that he met her on a website. Plaintiff seemingly states that the purpose of the website is to connect people for possible marriage to one another. Since the time of meeting his fiancé on this website, Plaintiff states that he has been communicating with his fiancé directly via WhatsApp.[1]

Plaintiff states that he presently is a resident of Florida, and occasionally resides in Maryland. Plaintiff also states that he first began communicating with his fiancé when he was residing with his sister in Hagerstown, Maryland, in approximately 2019 or 2020. Plaintiff alleges that the mobile phone with which he was communicating with his fiancé broke in the summer of 2020, and he was unable to communicate with his fiancé until January 2022. And, again, while Plaintiff's allegations are not entirely clear, it appears that he wishes to compel Defendants to assist with obtaining a visa for his fiancé to so that she can flee the conflict presently occurring in Ukraine. Perhaps more to the point, Plaintiff wishes to prospectively compel Defendants to aid in

---

[1] Although the Plaintiff does not so specify it, WhatsApp is known to the Court as a common platform by which users communicate with one another via both text and voice messaging.

securing a visa for Plaintiff's fiancé should Defendants not assist Plaintiff as he will be imploring them to do. Plaintiff alleges that Defendants are located in districts other than the Northern District of West Virginia. Indeed, it appears that Plaintiff is confusing certain District Courts in Virginia with this one, the Northern District of West Virginia. Also, Plaintiff appears to explain that he has filed or attempted to file his Complaint in other District Courts.

Plaintiff lodges six claims for relief, all prospective in nature: (1) negligence, (2) future violation of the equal protection clause of the Fifth Amendment and Fourteenth Amendment, (3) future violation of the due process clause of the Fifth Amendment and Fourteenth Amendment, (4) future violation of the privileges and immunities clause, (5) future violation of the Civil Rights Act of 1964, and (6) future violation of 42 U.S.C. § 1983. Plaintiff requests declaratory and injunctive relief, as well as money damages (both compensatory and punitive).

On the same day that he filed his Complaint, Plaintiff also filed a Motion for Leave to Proceed *in forma pauperis* including an Application to Proceed Without Prepayment of Fees and Affidavit. [ECF No. 2].

On March 4, 2022, this Court, by the Honorable Irene M. Keeley, Senior United States District Judge, entered an Order of Referral, referring this matter to the undersigned Magistrate Judge in order "to conduct a scheduling conference and issue a scheduling order, for written orders or reports and recommendations, as the case may be, regarding any motions filed, and to dispose of any other matters that may arise." [ECF No. 4].

## II. LEGAL STANDARDS FOR SCREENING CLAIMS

Pursuant to 28 U.S.C. § 1915(e)(2)(B), where a plaintiff is seeking to proceed without the prepayment of fees and costs, a court is obliged to screen the case to determine if a complaint is

frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Courts commonly conduct such screening before service of process, and before ruling upon a motion for leave to proceed *in forma pauperis*. See Portee v. United States Dep't of Agric., No. 2:15-CV-13928, 2016 WL 4962727, at *2 (S.D.W. Va. July 14, 2016)(Tinsley, J.), *report and recommendation adopted*, No. 2:15-CV-13928, 2016 WL 4942023 (S.D.W. Va. Sept. 15, 2016)(Johnston, J.). The purpose this statute is "to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11." Neitzke v. Williams, 490 U.S. 319, 325 (1989). "To this end, the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Id. *See also* Nasim v. Warden, Maryland House of Correction, 64 F.3d 951, 953 (4th Cir. 1995)(initial screenings required because § 1915 removed the "economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.").

### III. ANALYSIS

The Complaint here provides **no** cognizable legal claims, nor posits any factual allegations as a basis for the Plaintiff's claims which would allow this Court to grant relief.

#### A. Venue

Nothing on the face of Plaintiff's Complaint demonstrates that venue lies in this Court. As provided by an above-noted statute:

A civil action may be brought in—

>(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
>(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
>(3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). Moreover, a companion statute provides in pertinent part that, for residency, to determine proper venue:

>(1) a natural person, including an alien lawfully admitted for permanent residence in the United States, shall be deemed to reside in the judicial district in which that person is domiciled; (2) an entity with the capacity to sue and be sued in its common name under applicable law, whether or not incorporated, shall be deemed to reside, if a defendant, in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question and, if a plaintiff, only in the judicial district in which it maintains its principal place of business[.]

28 U.S.C. § 1391(c). In the instant matter, Plaintiff does nothing to establish that venue is proper in the Northern District of West Virginia. The federal agencies named as Defendants are not alleged to be located in this District. Events giving rise to claims are not alleged to have occurred here, nor is property situated in this District alleged to be the subject of this action. In fact, Plaintiff seems to confuse courts in Virginia and West Virginia. [See ECF No. 1 at 3].

Relatedly, Plaintiff alleges that venue is proper here on the basis of 28 U.S.C. § 1400 for patent and copyright claims. This matter has nothing to do with patent or copyright matters, and the undersigned assumes this citation to be in error.

Accordingly, because Plaintiff has not established that venue lies in this Court, the Complaint should be dismissed.

**B. Court's Jurisdiction, and Substance of Claims**

Nothing on the face of Plaintiff's Complaint demonstrates that this Court has jurisdiction, based on the nature and substance of the claims lodged.

Because Plaintiff is proceeding *pro se*, the Court must liberally construe the pleadings. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Loe v. Armistead, 582 F.2d 1291, 1295 (4th Cir. 1978). A *pro se* complaint is subject to dismissal, however, if the Court cannot reasonably read the pleadings to state a valid claim on which a plaintiff could prevail. Barnett v. Hargett, 174 F.3d 1128, 1133 (10th Cir. 1999). A court may not construct the plaintiff's legal arguments for him, nor should it "conjure up questions never squarely presented." Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

In this matter, Plaintiff alleges that the Court has jurisdiction based on both diversity of citizenship and federal question. As to diversity of citizenship, it may be that there is diversity of citizenship insofar as the parties are residents of or situated in different states. However, what Plaintiff overlooks is that diversity jurisdiction typically is invoked for a federal court to hear claims arising from state law. In the instant matter, though, Plaintiff does not assert any claims arising from state law. Moreover, for jurisdiction to lie on the basis of diversity, the amount in controversy must exceed $75,000. 28 U.S.C. § 1332(a). Here, Plaintiff asserts that the amount in controversy exceeds this amount. However, Plaintiff's assertion in this regard is entirely speculative, with no factual basis whatsoever to support it. Plaintiff merely argues that the jurisdictional minimum amount in controversy would be an appropriate sum to recover, in seemingly circular logic to establish that jurisdiction lies here. This of course is insufficient. See Horton v. Liberty Mut. Ins. Co., 367 U.S. 348, 353 (1961).

As to federal question jurisdiction, Plaintiff invokes a number of federal constitutional and statutory provisions, enumerated above, in support of his perceived grievances. However, that is not enough, standing alone, for Plaintiff to establish jurisdiction here. Rule 8(a) of the Federal Rules of Civil Procedure does not generally require that claims be pled with great detail. Nonetheless, claims must be pled with sufficient detail such that a defendant has fair notice of the basis of a plaintiff's claim. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). More specifically:

> It is established that a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. We have recognized that facial plausibility is established once . . . the complaint's factual allegations produce an inference . . . strong enough to nudge the plaintiff's claims across the line from conceivable to plausible. In assessing the sufficiency of a complaint, we assume as true all its well-pleaded facts and draw all reasonable inferences in favor of the plaintiff. Thus, to satisfy the plausibility standard, a plaintiff is not required to plead factual allegations in great detail, but the allegations must contain sufficient factual heft to allow a court, drawing on judicial experience and common sense, to infer more than the mere possibility of that which is alleged.

Nanni v. Aberdeen Marketplace, Inc., 878 F.3d 447, 452 (4th Cir. 2017) (internal citations and quotations omitted).

In the instant matter, Plaintiff's claims on the basis of federal law lack any factual allegations whatsoever about how Defendants have committed wrongdoing. Nothing about Plaintiff's Complaint demonstrates that any Defendant has breached any duty, abrogated any responsibility, or violated any law at all. Rather, Plaintiff's claims are all prospective in nature, arguing that Defendants would be violating various provisions at law if they, at some indeterminate point in the future, fail to aid Plaintiff as he requests. As such, Plaintiff has not established that there is a ripened federal question to address, which courts of course frown upon. See e.g. South Carolina v. United States, 912 F.3d 270 (4th Cir. 2019).

More fundamentally, however, Plaintiff's claims are simply bald assertions, without any factual or legal support. As such, Plaintiff fails to establish cognizable claims which would establish federal question jurisdiction. The Complaint is so insufficient that it does not provide Defendants with fair notice of the the nature of the claims against them or the relief sought.

## VI.     RECOMMENDATION

For the abovementioned reasons, the undersigned **FINDS** that the Complaint fails to state a claim upon which relief may be granted. Accordingly, the undersigned respectfully **RECOMMENDS** Plaintiff's Complaint, filed in *forma pauperis* [ECF No. 1] should be **DISMISSED** in its entirety **WITHOUT PREJUDICE** after review pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Further, as a related matter, the undersigned **RECOMMENDS** that Plaintiff's corresponding Motion for Leave to Proceed *in forma pauperis* [ECF No. 2] be **DENIED as moot.**

Any party shall have fourteen (14) days (filing of objections) and then three days (mailing/service) from the date of the filing of this Report and Recommendation to file with the Clerk of the Court **specific written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection.**  A copy of such objections should also be submitted to the Honorable Irene M. Keeley, United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitations, consistent with LR PL P 12.

**Failure to timely file written objections to the Report and Recommendation as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** Snyder v. Ridenour, 889 F.2d 1363 (4th Cir.

1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk of the Court is **DIRECTED** to send a copy of this Report and Recommendation to the *pro se* Plaintiff by certified mail, return receipt requested.

**DATED**: March 10, 2022

MICHAEL JOHN ALOI
UNITED STATES MAGISTRATE JUDGE