```
         IN THE UNITED STATES DISTRICT COURT
       FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
```

**RONALD SATISH EMRIT**

       **Plaintiffs,**

v.                                              CIVIL ACTION NO. 1:22CV18
                                                  (Judge Keeley)

**BOARD OF IMMIGRATION APPEALS (BIA);**
**CITIZEN AND IMMIGRATION SERVICES (CIS);**
**CUSTOMS AND BORDER PATROL (CBP);**
**STATE DEPARTMENT; and,**
**DEPARTMENT OF HOMELAND SECURITY (DHS),**

       **Defendants.**

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 5],**
**DENYING AS MOOT MOTION TO PROCEED IN FORMA PAUPERIS,**
**[DKT. NO. 2], AND DISMISSING THE CASE WITHOUT PREJUDICE**

On March 3, 2022, the pro se plaintiff, Ronald Satish Emrit ("Emrit"), commenced this civil action against the Board of Immigration Appeals, Citizen and Immigration Services, Customs and Border Patrol, State Department, and Department of Homeland Security (Dkt. No. 1). On the same day, he also filed a motion to proceed in forma pauperis (Dkt. No. 2). The Court provided Emrit with a Notice of General Guidelines for Appearing Pro Se in Federal Court (Dkt. No. 3), and referred the case to United States Magistrate Judge Michael J. Aloi for initial screening and a report and recommendation ("R&R") regarding any motions filed in

**EMRIT V. BOARD OF IMMIGRATION APPEALS ET. AL**                1:22CV18

**ORDER DIRECTING CLERK TO RESEND DOCUMENTS**

accordance with L.R. Civ. P. 7.02(c) and 72.01 and 28 U.S.C. 636(b)(1)(A) and 636(b)(1)(B) (Dkt. No. 4).

On March 10, 2022, Magistrate Judge Aloi entered an R&R, recommending that the Court dismiss Emrit's complaint without prejudice because it "provides no cognizable legal claims, nor posits any factual allegations as a basis for [his] claims which would allow this Court to grant relief (Dkt. No. 5 at 4) (emphasis in original). Magistrate Judge Aloi also found that the Northern District of West Virginia is an improper venue and that the Court lacks jurisdiction to resolve Emrit's claims. Id. at 5-8. He specifically warned Emrit that failing to object to the recommendation would result in the waiver of his right to appeal the ruling. Id. at 9.

On March 29, 2022, Emrit filed a notice of appeal (Dkt. No. 6). The Court of Appeals of the Fourth Circuit dismissed Emrit's appeal for lack of jurisdiction because it implicated nonfinal orders (Dkt. No. 14). It issued a mandate on August 23, 2022 (Dkt. No. 16), returning the case to this Court. See United States v. Montgomery, 262 F.3d 233, 239 (4th Cir. 2001).

While Emrit's case was pending before the Fourth Circuit, several return receipts were filed with this Court (Dkt. Nos. 10,

2

**EMRIT V. BOARD OF IMMIGRATION APPEALS ET. AL**  1:22CV18

**ORDER DIRECTING CLERK TO RESEND DOCUMENTS**

11, 13). According to these, Emrit never received copies of the Notice of General Guidelines for Appearing Pro Se in Federal Court (Dkt. No. 3), the Order referring his case Magistrate Judge Aloi (Dkt. No. 4), or Magistrate Judge Aloi's R&R recommending the dismissal of his complaint (Dkt. No. 5). Although the Clerk mailed these documents to the address provided by Emrit, 6655 38th Lane East Sarasota, FL 34243, they were returned with the notation "unclaimed, unable to forward" (Dkt. Nos. 10, 11, 13).

Accordingly, the Court directed the Clerk to resend copies of these documents to Emrit by certified mail, return receipt requested. It also ordered Emrit to file his objections to the R&R, if any, within fourteen (14) days of receipt and warned him that failure to timely file written objections may result in the dismissal of his complaint.

Although Emrit received these documents on August 29, 2022, he has not filed objections to the R&R.[1] The failure to object to the R&R waives the appellate rights and also relieves the Court of

---

[1] Although the Court has not yet received the return receipt from this mailing, the United States Post Office records indicate that the documents were successfully delivered on August 29, 2022. See https://tools.usps.com/go/TrackConfirmAction_input (results for tracking number 70211970000007541062).

3

**EMRIT V. BOARD OF IMMIGRATION APPEALS ET. AL**  1:22CV18

**ORDER DIRECTING CLERK TO RESEND DOCUMENTS**

any obligation to conduct a de novo review of the issues presented. See Thomas v. Arn, 474 U.S. 140, 148-153 (1985); Wells v. Shriners Hosp., 109 F.3d 198, 199-200 (4th Cir. 1997). Following a careful review of the record, and finding no clear error, the Court **ADOPTS** the R&R in its entirety (Dkt. No. 5), **DENIES** as moot his motion to proceed in forma pauperis (Dkt. No. 2), and **DISMISSES** this case without prejudice.

It is so **ORDERED**.

The Court **DIRECTS** the Clerk to transmit a copy of this order to the pro se plaintiff by certified mail, return receipt requested, and to counsel of record by electronic means, and to remove this case from the Court's active docket.

Dated: January 25, 2023

_____
THOMAS S. KLEEH, CHIEF JUDGE
NORTHERN DISTRICT OF WEST VIRGINIA